UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Henry A.A.G., | Civil No. 26-1437 (DWF/DTS) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Henry A.A.G.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a form response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 5.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Guatemala and resident of Faribault, Minnesota. (Doc. No. 1 ¶ 14.) He has lived in the United States since November 2015 after entering without inspection. (*Id.*) Petitioner submitted an asylum application in February 2016. (*Id.* ¶ 15.) That application is currently pending before the Board of Immigration

Appeals. (*Id.*) He does not have a final order of removal. (*Id.*) U.S. Immigration & Customs Enforcement agents arrested Petitioner on February 7, 2026, while he was returning home after visiting a friend. (*Id.* ¶ 17.) Petitioner was detained at the Whipple Federal Building at Fort Snelling in Minnesota for just under twenty-four hours. (Doc. No. 5-1.) He was then transferred to an ERO detention center in El Paso, Texas. (*Id.*) He was transferred back to Minnesota on February 15, 2026. (*Id.*) He was initially processed at the Whipple Federal Building, then moved to the Kandiyohi County Jail, where he remains in custody.[1] (*Id.*)

Petitioner filed the Petition on February 13, 2026. (Doc. No. 1 at 16.) He claims that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 32-48.) Petitioner asks the Court to order his immediate release or, alternatively, order Respondents to hold a bond hearing. (*Id.* at 15-16.) Respondents timely filed a form response. (Doc. No. 5.)

---

[1] Petitioner was in Texas when the Petition was filed. Respondents do not challenge the Court's jurisdiction to hear this Petition (*see* Doc. No. 5) and indeed have returned Petitioner to Minnesota as ordered by the Court on February 14, 2026 (*see* Doc. Nos. 3, 5-1). Therefore, the issue is waived or otherwise moot. *See Rumsfeld v. Padilla*, 542 U.S. 426, 451-52 (2004) (Kennedy, J., concurring) (explaining that "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue" and that objections to the filing location can be waived); *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (discussing waiver of challenges to the filing location of a habeas petition); *see also Edita M.S.C. v. Noem*, No. 26-cv-650, 2026 WL 252545, at *1 (D. Minn. Jan. 30, 2026) (denying a motion to dismiss for lack of jurisdiction because the petitioner was transferred back to Minnesota and requiring the petitioner to refile her petition would have been a waste of judicial resources).

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (Doc. No. 5.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for over ten years and has a pending asylum application. *See Jennings v.*

3

*Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country").  Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy.  A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention.  8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases).  There is no evidence that Respondents had a warrant to arrest Petitioner.  And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 5).  The Court therefore concludes that Petitioner was arrested without a warrant.  The remedy for a warrantless arrest is immediate release.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention.  The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.  Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.  The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

  a. In Minnesota;

  b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

  c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

  d. Without any tracking devices or use of a tracking application; and

  e. With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 19, 2026          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge